

In the Matter of the Application of JONAS LITT, Respondent, for a Peremptory Writ of Mandamus, against Z. TAYLOR EMERY, M. D., as Commissioner of the Department of Health of the City of Brooklyn, Appellant.

*Commissioner of the department of health of the city of Brooklyn — the time within which he may summarily remove an employee cannot be extended by agreement.*

By no arrangement or agreement between a commissioner of the department of health of the city of Brooklyn and his subordinates can the powers of the commissioner be increased, nor can the time be extended within which he may remove any subordinate summarily and without cause; the limit of time within which he may remove an employee is prescribed by statute not only for the benefit of the employee but also to preserve the efficiency of the service in such department.

APPEAL by the defendant, Z. Taylor Emery, M. D., as commissioner of the department of health of the city of Brooklyn, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 1st day of May, 1894, granting the petitioner's prayer that a writ of mandamus issue to the said Emery as commissioner of the department of health of the city of Brooklyn, requiring him to restore the petitioner to the position of meat inspector in the department of health of the city of Brooklyn.

The opinion of the justice upon the granting of a peremptory writ of mandamus was as follows:

" CULLEN, J.:

" The statute prescribes the period after his appointment, during which the head of a city department may remove a subordinate summarily and without cause. This · limitation is prescribed not merely for the benefit of the employee but for the efficiency of the service in the city departments. It will not do either for the commissioner or for the courts to say that the period is too brief. It is sufficient to say that it is the time fixed by the statute. Therefore, by no arrangement or agreement between the commissioner and his subordinates, can the time be extended or the powers of the commissioner be increased. The same principle has been decided in the matter of salaries. In the case of *People ex rel. Satterlee* v. *The Mayor* (75 N. Y. 38) the relator was appointed a police surgeon by

a resolution fixing his compensation at $1,500 a year, which he accepted. The statute fixed the salary at $2,250. Held, that the relator was entitled to recover the difference. It was said by the Court of Appeals : ' The law does not recognize the principle that a board of officers can reduce the amount fixed by law for a salaried officer, or that the official can make a contract to that effect. The doctrine of waiver has no application to any such case.' The same rule was held to apply to a mere employee of the State, a fireman at work in the capitol. (*Kehn* v. *The State*, 93 N. Y. 291.) Surely, if a contract cannot modify the salary of a public employee in contravention of the statute, much less can it affect his tenure of employment.

"It may be claimed that though the employee could revoke his resignation, it was the subject of acceptance till revoked. The frankness of the respondent in his affidavit disposes of such claim. The paper was in no sense a resignation except in form. It was given by the relator, not for the purpose of withdrawing from his employment, but as condition of securing its continuance. The respondent makes affidavit, ' that said Jonas Litt (the relator) well knew if he did not give this deponent said letter of resignation, deponent had the power to and would dismiss him at once from said department.' This frankness of statement shows that the respondent acted in entire good faith in his belief as to his powers, but, nevertheless, the action is wholly illegal. Motion granted, with $10 costs."

*Alexander H. Van Cott*, for the appellant.

*Joseph G. Gray*, for the petitioner, respondent.

DYKMAN, J. :

This is an appeal from an order directing the issuance of a peremptory writ of mandamus requiring the commissioner of the department of health of the city of Brooklyn to restore Jonas Litt to the position of meat inspector in that department.

Our conclusion is that the order should be affirmed on the opinion of the judge who made it.

BROWN, P. J., concurred; CULLEN, J., not sitting.

Order affirmed on opinion of Special Term.